IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:25-CR-195 (MAD) |
| | ) | |
| **v.** | ) | **GOVERNMENT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| **CHRISTOPHER SNYDER,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The government respectfully requests that a sentence that is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553 be imposed here where the defendant participated in a massive financial fraud scheme.

## FACTUAL BACKGROUND

On May 16, 2025, the defendant pled guilty pursuant to a plea agreement to a one-count information charging conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. *See* Dkt. ## 2-4; May 16, 2025 Text Min. Entry.

The government does not object to the facts in the Final Presentence Investigation Report (Dkt. # 21) (the "PSIR") prepared by the United States Probation Office, which in turn relied upon the defendant's plea agreement, court filings, and law enforcement reports.  *See* PSIR ¶¶ 10-37, 44-53.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.      **Statutory Sentences**

The defendant's conspiracy to commit wire fraud conviction subjects him to a statutory maximum term of 20 years' imprisonment.  18 U.S.C. §§ 1343, 1349.  The defendant's conviction subjects him to a post-imprisonment term of supervised release of up to three years, *see*

18 U.S.C. § 3583(b)(3), and a maximum fine of $250,000, *see* 18 U.S.C. § 3571(b).   The defendant must pay a mandatory $100 special assessment.   18 U.S.C. § 3013.

**2.      Guidelines Provisions**

The government believes that the Guidelines computation set forth in the PSIR is correct, except that the "Zero-Point Offender" deduction under U.S.S.G. § 4C1.1 should apply here.   PSIR ¶¶ 60-71.   The Probation Office declined to score this deduction based on its finding that the defendant personally caused a substantial financial hardship.   *See* PSIR ¶ 70 & Page 31.   There is no question that this offense caused a substantial financial hardship to multiple victims. Nonetheless, while the government acknowledges that this is a close call, it does not contend that Snyder *personally* caused such hardships.   This is because, among other things, it was Roglieri who spent and depleted the vast majority of fraud proceeds such that victims lost all or nearly all of their ICA deposits.   The government agrees with the Probation Office's determination that the defendant's criminal history category is I and that he has no criminal history points.   PSIR ¶ 76.

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all the information before the Court, the government respectfully requests that the Court sentence the defendant consistent with the Guidelines as discussed in the government's papers.   Such a sentence is sufficient, but not greater than necessary, to comply with the sentencing factors in 18 U.S.C. § 3553(a).   Although the Guidelines are no longer mandatory, the Second Circuit has instructed district courts to consider them "faithfully" when sentencing. *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir. 2005).   "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'"   *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that the Guidelines

are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

The requested sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence. It will reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment. It will protect the public from future crimes of this defendant. Finally, it will serve as a general deterrent to would-be fraudsters.

Dated: March 30, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:    */s/ Joshua R. Rosenthal*

Joshua R. Rosenthal
Assistant United States Attorney
Bar Roll No. 700730